UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY VANDIVER,

        Plaintiff,                      Case No. 1:11-cv-574

v.                                             Honorable Robert J. Jonker

PRISON HEALTH SERVICES, INC. et al.,

        Defendants.
_____/

**OPINION DENYING LEAVE
TO PROCEED *IN FORMA PAUPERIS* - THREE STRIKES**

Plaintiff Jerry Vandiver, a prisoner incarcerated at Earnest C. Brooks Correctional Facility, filed a complaint pursuant to 42 U.S.C. § 1983. Plaintiff seeks leave to proceed *in forma pauperis*. Because Plaintiff has filed at least three lawsuits that were dismissed as frivolous, malicious or for failure to state a claim, he is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). The Court will order Plaintiff to pay the $350.00 civil action filing fee within twenty-eight (28) days of this opinion and accompanying order, and if Plaintiff fails to do so, the Court will order that his action be dismissed without prejudice. Even if the case is dismissed, Plaintiff will be responsible for payment of the $350.00 filing fee in accordance with *In re Alea*, 286 F.3d 378, 380-81 (6th Cir. 2002).

**Discussion**

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's

request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners – many of which are meritless – and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress put into place economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the "three-strikes" rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d

596, 604-06 (6th Cir. 1998); *accord Rodriguez v. Cook*, 169 F.3d 1176, 1178-82 (9th Cir. 1999); *Rivera v. Allin*, 144 F.3d 719, 723-26 (11th Cir. 1998); *Carson v. Johnson*, 112 F.3d 818, 821-22 (5th Cir. 1997).

Plaintiff has been an active litigant in the federal courts in Michigan. In three of Plaintiff's lawsuits, the Court entered dismissals on the grounds that they were frivolous or failed to state a claim. *See Vandiver v. Evans*, No. 03-cv-152 (W.D. Mich. May 13, 2003); *Vandiver v. Kelley*, No. 2:98-cv-250 (W.D. Mich. Apr. 16, 1999); and *Vandiver v. Avery*, No. 2:89-cv-73166 (E.D. Mich. Nov. 27, 1990).[1] Although one of the dismissals was entered before enactment of the PLRA on April 26, 1996, the dismissal nevertheless counts as a strike. *See Wilson*, 148 F.3d at 604. In addition, on numerous prior occasions, Plaintiff was denied leave to proceed *in forma pauperis* in the Eastern District of Michigan because he has three strikes. *See Vandiver v. Corr. Med. Servs., Inc.*, No. 1:10-cv-41 (W.D. Mich. Jan. 3, 2011); *Vandiver v. Romanowski,* No. 1:08-cv-10483 (E.D. Mich. June 25, 2008); *Vandiver v. Douglas,* No. 1:08-cv-10507 (E.D. Mich. June 25, 2008); *Vandiver v. Vasbinder,* No. 08-cv-10508 (E.D. Mich. June 25, 2008); *Vandiver v. Terrill,* No. 1:08-cv-10487 (E.D. Mich. Mar. 28, 2008).

Plaintiff argues that he is entitled to proceed *in forma pauperis* in this action because he is under imminent danger of serious physical injury. Plaintiff claims that he has received inadequate treatment of his diabetes, Hepatitis C, hypertension and heart disease. He alleges that his history of diabetes-related foot amputations provides clear evidence that he is in imminent danger of serious physical injury.

---

[1] The docket sheet in *Vandiver v. Avery,* No. 2:89-cv-73166 (E.D. Mich.), states that the complaint was dismissed under "Rule 12(b)." *See Vandiver v. Avery,* No. 2:89-cv-73166, docket #22. The Sixth Circuit's opinion affirming the dismissal, however, clarified that the district court's dismissal was for failure to state a claim. *See Vandiver v. Avery,* No. 91-1069, 1993 WL 30502, at *1 (6th Cir. Feb. 9, 1993).

Congress did not define "imminent danger" in the PLRA, but it is significant that Congress chose to use the word "imminent," a word that conveys the idea of immediacy. "Imminent" is "[n]ear at hand . . . impending; on the point of happening; threatening, menacing, perilous.  Something which is threatening to happen at once, something close at hand, something to happen upon the instant . . . and on the point of happening."  BLACK'S LAW DICTIONARY, 514-15 (6th ed. 1991).  "Imminent" is also defined as "ready to take place, near at hand, impending, hanging threateningly over one's head, menacingly near."  WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY, 1130 (1976).  "Imminent danger" is "such an appearance of threatened and impending injury as would put a reasonable and prudent man to his instant defense."  BLACK'S LAW DICTIONARY, 515 (6th ed. 1991).

In a recent decision, the Sixth Circuit recognized that other circuit courts that had addressed the issue had required allegations of some immediate risk of future serious injury:

> While the Sixth Circuit has not defined the term "imminent danger" for purposes of this section, other Circuits have held that to meet the requirement, the threat or prison condition "must be real and proximate" and the danger of serious physical injury must exist at the time the complaint is filed.  *See, e.g., Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir.2003); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (3d Cir.2001) (en banc).  Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception.  *Id.*  Other Circuits also have held that district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are "conclusory or ridiculous," *Ciarpaglini*, 352 F.3d at 331, or are "'clearly baseless' (i.e. are fantastic or delusional and rise to the level of 'irrational or wholly incredible).'"  *Gibbs v. Cross*, 160 F.3d 962, 967 (3d Cir.1998) (quoting *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)).

*Rittner v. Kinder*, 290 F. App'x 796, 797-98 (6th Cir. 2008).

Plaintiff's references to his past amputations are directed toward relief for harms that already have occurred. As stated above, allegations that a prisoner faced imminent danger in the past are insufficient to trigger the exception under § 1915(g). *Rittner*, 290 F. App'x at 797-98 (citation omitted). Moreover, Plaintiff's allegations that he could receive further amputations does not satisfy the "imminent" requirement for a serious physical injury. Plaintiff is only speculating as to whether he may have to undergo further amputations because of his diabetes. Moreover, the allegations of Plaintiff's complaint are wholly conclusory, without any specific factual support. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (holding that, while a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions). Plaintiff simply asserts Defendants are deliberately indifferent to his serious medical needs and they have provided inadequate medical care without reference to any specific denial of necessary care. His supporting documents clearly indicate that Plaintiff has been seen and treated regularly by medical providers. Plaintiff's conclusory allegations therefore do not fall within the exception to the three-strikes rule because he does not allege any facts establishing that he is under imminent danger of serious physical injury.

In light of the foregoing, § 1915(g) prohibits Plaintiff from proceeding *in forma pauperis* in this action. Plaintiff has twenty-eight (28) days from the date of entry of this order to pay the entire civil action filing fee, which is $350.00. When Plaintiff pays his filing fee, the Court will screen his complaint as required by 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c). If Plaintiff

fails to pay the filing fee within the 28-day period, his case will be dismissed without prejudice, but he will continue to be responsible for payment of the $350.00 filing fee.


Dated:      July 13, 2011             /s/ Robert J. Jonker
                                     ROBERT J. JONKER
                                     UNITED STATES DISTRICT JUDGE

**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:
Clerk, U.S. District Court
399 Federal Building
110 Michigan Street, NW
Grand Rapids, MI 49503

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**