UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY VANDIVER,

        Plaintiff,                    Case No. 1:11-cv-574

v.                                          Honorable Robert J. Jonker

PRISON HEALTH SERVICES, INC. et al.,

        Defendants.
_____/

**ORDER GRANTING MOTION TO FILE AMENDED COMPLAINT**

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Shortly after the instant action was filed, the Court denied Plaintiff's motion seeking leave to proceed *in forma pauperis* (docket ##8, 9) because Plaintiff previously had filed at least three actions that were dismissed on the grounds that they were frivolous, malicious, failed to state a claim, or sued a Defendant who was immune from suit. *See* 28 U.S.C. § 1915(g). The Court subsequently dismissed the action when Plaintiff failed to pay the entire filing fee (docket ##16, 17). Plaintiff appealed the dismissal. In an opinion issued August 16, 2013 (docket #22), the Sixth Circuit reversed the denial of pauper status and remanded the case for further proceedings. *See Vandiver v. Prison Health Servs., Inc.*, ___ F.3d ___, 2013 WL 4309118 (6th Cir. Aug. 16, 2013). In accordance with the Sixth Circuit's decision and order on remand, the Court issued an order granting Plaintiff's motion to proceed *in forma pauperis*. The matter presently is before the Court on Plaintiff's motion to amend his complaint (docket #25) to correct changes in the addresses listed in the complaint for certain of the Defendants.

Plaintiff alleges that, during the two years this case was pending on appeal, certain Defendants have changed their addresses, requiring his amendment of the complaint. Under Fed. R. Civ. P. 15(a) a party may amend once as a matter of course before a responsive pleading is served. *Id.*; *see also LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) (overruling the Sixth Circuit's long-standing position that a prisoner may not amend his complaint to avoid dismissal under the PLRA) (overruling in part *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997)). Plaintiff's motion to amend therefore will be granted. However, Plaintiff has not attached a new complaint to his motion. Instead, he has attached only intermittent pages of the complaint, to which there have been made handwritten changes and insertions. In order for the Court to ensure accurate service of the complaint as Plaintiff wishes to see it amended, within 28 days of this order, Plaintiff must file a complete copy of his amended complaint, including all of the changes he wishes to make. The amended complaint will take the place of the original complaint, so it must include all of the Defendants that Plaintiff intends to sue and all of the claims that Plaintiff intends to raise. Plaintiff need not re-submit supporting exhibits filed with the original complaint. The case number shown above must appear on the front page of the amended complaint. If Plaintiff fails to submit an amended complaint in proper form within the time allowed, the complaint may be dismissed without prejudice by the Court.

**IT IS SO ORDERED**.

Dated:  September 25, 2013                                          /s/ Hugh W. Brenneman, Jr.
                                                                    HUGH W. BRENNEMAN, JR.
                                                                    United States Magistrate Judge